<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

J.R. PETERS, INC.,                    )
                                      )   Civil Action
                Plaintiff             )   No. 11-cv-01168
                                      )
        vs.                           )
                                      )
ROBERT B. PETERS and                  )
VIRGINIA PETERS,                      )
                                      )
                Defendants            )


                        *    *    *


APPEARANCES:

        RONALD E. CORKERY, ESQUIRE
            On behalf of plaintiff

        DOUGLAS M. MARINOS, ESQUIRE
            On behalf of defendant Robert B. Peters

        JOHN O. STOVER, JR., ESQUIRE
            On behalf of defendant Virginia Peters


                    <u>O P I N I O N</u>

JAMES KNOLL GARDNER
United States District Judge


        This matter is before the court on (1) the Memorandum
of Law of Plaintiff, J.R. Peters, Inc., Concerning Subject Matter
Jurisdiction filed August 12, 2011; (2) Defendant, Robert B.
Peters, Memorandum Showing Cause Why the United States District
Court has Subject Matter Jurisdiction in the Within Matter, which
memorandum was filed August 15, 2011; (3) the Amended Motion to
Dismiss Claim Against Defendant, Virginia Peters, Pursuant to
F.R.C.P. 12(b)(6), which motion was filed by defendant Virginia

Peters on August 17, 2011; and (4) Defendant Virginia Peters, Memorandum Showing Cause Why the United States District Court has Subject Matter Jurisdiction in the Within Matter, which memorandum was filed August 19, 2011.

For the following reasons I conclude that this court does not have subject matter jurisdiction over the within matter. Accordingly I remand the case back to the Court of Common Pleas of Lehigh County, Pennsylvania.

Specifically, I conclude that plaintiff's claim is based on state contract law and does not raise a federal question. Accordingly, no federal question jurisdiction is established. Additionally, both plaintiff and defendants appear to be citizens of Pennsylvania, thereby precluding jurisdiction based on diversity of citizenship.

Having concluded that this court does not have subject matter jurisdiction over the case, I dismiss defendant Virginia Peters' amended motion to dismiss, without prejudice for her to raise the issues contained therein as preliminary objections in state court.

PROCEDURAL HISTORY

On January 11, 2011 plaintiff J.R. Peters, Inc. filed a Complaint against defendants Robert B. Peters and Virginia Peters in the Court of Common Pleas of Lehigh County, Pennsylvania. On

February 18, 2010 defendants filed a Notice of Removal, removing the case pursuant to 28 U.S.C. §§ 1331, 1338, 1441 and 1446.

On February 25, 2011, defendant Virginia Peters filed her Motion to Dismiss Claim Against Defendant, Virginia Peters, Pursuant to F.R.C.P. 12(b)(6) and in the Alternative a Motion for a More Definite Statement Pursuant to F.R.C.P. 12(e).  On March 8, 2011, Defendant, Robert B. Peters, Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) was filed.

By Order dated July 11, 2011 and filed July 12, 2011, I granted each defendant's motion for a more definite statement and dismissed defendant Virginia Peters' motion to dismiss without prejudice.  I gave plaintiff until August 1, 2011 to file an amended complaint in accordance with the Order.  I also directed all parties to file a memorandum of law showing cause why this court's subject matter jurisdiction is or is not proper.

On August 1, 2011 plaintiff filed its Amended Complaint.  On August 12, 2011 plaintiff filed its memorandum of law contending that this court lacked jurisdiction.  On August 18, 2011 defendant Robert B. Peters filed his memorandum of law contending that this court's jurisdiction was proper.  On August 19, 2011 defendant Virginia Peters filed her brief, which adopted the factual and legal positions of defendant Robert B.

-3-

Peters, also contending that this court's jurisdiction was proper.

On March 8, 2011 defendant Robert B. Peters and Nutridyne, LLC (as plaintiffs) filed a Complaint for Declaratory Judgment in a separate action in federal court, case number 11-cv-1651, against plaintiff J.R. Peters, Inc. (as defendant). In that action plaintiffs Robert B. Peters and Nutridyne, LLC sought a declaratory judgment confirming that Robert B. Peters was the "sole and exclusive inventor of the invention", that he "was entitled to obtain a Patent", and that "as patentee, had the exclusive right to grant and convey all his interest in the Patent to the [Nutridyne] LLC by an assignment in writing."[1]

On April 14, 2011, J.R. Peters, Inc. as the defendant in the separate action, filed its Answer and Affirmative Defenses of J.R. Peters, Inc. to Complaint for Declaratory Judgment.  As an affirmative defense, J.R. Peters, Inc. contested this court's subject matter jurisdiction over the dispute.[2]  This Opinion does not address either the jurisdiction or merits of that action.

---

[1]     Complaint for Declaratory Judgment (case number 11-cv-1651), ¶¶ 55, 56 and 58.

[2]     Answer and Affirmative Defenses of J.R. Peters, Inc. to Complaint for Declaratory Judgment,(case number 11-cv-1651) ¶¶ 5-13.

<u>REMOVAL</u>

When considering whether a remand is proper, "the court looks to plaintiff's complaint, as stated at the time of removal, and the defendant's notice of removal." <u>MCS Services, Inc. v. Johnsen</u>, 2002 U.S.Dist. LEXIS 16910 at *10-11 (E.D.Pa. Aug. 13, 2002) (Surrick, J.).

However, if a plaintiff drops all of the federal claims upon which removal was based, "a district court has wide discretion in deciding whether to retain jurisdiction over the pendent state law claims." <u>Hunter v. Temple University School of Medicine</u>, 2003 U.S.Dist. LEXIS 20210 at *3 (E.D.Pa. Oct. 29, 2003) (Schiller, J.) <u>citing</u> 28 U.S.C. § 1367. Therefore, I will consider plaintiff's allegations as set forth in the Complaint because it was the operative pleading at the time of removal.

However, I also examine the allegations in plaintiff's Amended Complaint to consider whether plaintiff's Amended Complaint drops the federal claims upon which removal was based. Moreover, I also consider the Notice of Removal.

<u>Complaints</u>

Plaintiff's Complaint and Amended Complaint are similar. The allegations are as follows[3]:

---

[3]    Plaintiff's allegations presented in this Opinion appear in both the Complaint and Amended Complaint unless I specifically state that the allegation appears in one but not the other.

Plaintiff J.R. Peters Inc. is a Pennsylvania corporation in the business of producing fertilizer products. Plaintiff alleges that defendant Robert B. Peters was an employee of J.R. Peters, Inc.[4]  During the course of his employment, Robert Peters utilized equipment, materials and supplies which were intended for the sole benefit of plaintiff J.R. Peters, Inc. Further, defendant Robert Peters performed numerous tests using plaintiff's supplies and obtained various patents.[5]

Plaintiff's Complaint alleges that the information and test results are the property of J.R. Peters, Inc.  Despite an oral understanding that defendant Robert Peters would not engage in any type of competitive activity, he applied for a patent concerning a "Nutridyne System,"[6] in violation of the oral understanding between plaintiff and defendant Robert Peters.[7] All allegations concerning this oral agreement were removed from plaintiff's Amended Complaint.

However, the Amended Complaint does allege that a dispute arose between plaintiff and defendant Robert Peters

_____

[4]     Defendant Robert B. Peters is also the father of John R. Peters, President of J.R. Peters, Inc.  (Notice of Removal, ¶ 13).

[5]     Complaint ¶¶ 6, 7, 8.  Amended Complaint, ¶¶ 7 and 8.

[6]     Neither the Complaint nor the Amended Complaint describe what the Nutridyne System is.  However, in the Notice of Removal, defendant Robert B. Peters indicates the Nutridyne System is a process whereby the water available to every plant is adjusted as closely as possible to nature's own system of plant nutrition (Notice of Removal, ¶ 18).

[7]     Complaint ¶¶ 8 and 9.

concerning the materials and supplies used by Mr. Peters and the
time expended by him during the course of his employment at J.R.
Peters, Inc.[8]

Plaintiff alleges that on October 30, 2009 defendant
Robert Peters and plaintiff signed an agreement to refrain from
various activities concerning the development of a Nutridyne
System by Mr. Peters.[9]  Specifically, the agreement required
defendant Robert Peters to return all copies of the "long Blender
Sheets,"[10] marketing materials for Nutridyne, labels, and
guaranteed analysis forms.[11]

Further, the October 30, 2009 agreement required
defendant Robert Peters to cease further developments on any
patents on which he was working or on which he was considering
working.  Additionally, Mr. Peters agreed not to approach any
persons or entities in an effort to sell his Nutridyne System.
In the event Mr. Peters was independently contacted and offered a
large sum of money for the technology involved in U.S. Patent No.
7569091, then he would discuss the matter with plaintiff and if

---

[8]     Amended Complaint, ¶ 9.

[9]     The October 30, 2009 Agreement is attached as Exhibit A to both the
Complaint and Amended Complaint.

[10]    Neither the Complaint, Amended Complaint, nor Notice of Removal describe
what "long Blender Sheets" are.

[11]    Complaint, ¶ 10; Amended Complaint, ¶ 10; Exhibit A, ¶ 2.

the technology were sold, all profits were to be split between defendant Robert Peters and plaintiff.[12]

As part of the October 30, 2009 agreement, plaintiff agreed not to proceed with its contemplated injunction or to seek reimbursement for the salary paid to defendant Robert Peters, or for any costs incurred in connection with the samples analyzed at plaintiff's facility.[13]

Plaintiff alleges that defendant Robert Peters, together with his wife, defendant Virginia Peters, as a possible co-conspirator, unilaterally decided to breach the specific terms of the October 30, 2009 agreement by sending restricted information to at least 150 different companies in 2010. Mr. Peters also allegedly did not return all copies of the long Blender Sheets and other items required by the October 30, 2009 agreement to plaintiff.[14]

Plaintiff avers that the breach of the October 30, 2009 agreement by defendant Robert Peters will cause irreparable harm to plaintiff and that plaintiff does not have an adequate remedy at law.  Accordingly, plaintiff seeks both preliminary and permanent injunctions to prohibit both defendants from releasing any information covered by the October 30, 2009 agreement and to

---

[12]     Exhibit A, ¶¶ 4 and 5.

[13]     Exhibit A, ¶ 6.

[14]     Complaint ¶¶ 11 and 13, Amended Complaint, ¶¶ 11 and 13.

require defendants to return all of the long Blender Sheets, marketing materials, labels and analysis forms covered by the agreement.[15]

In plaintiff's Complaint, plaintiff avers that it will sustain damages in excess of $50,000.00.[16]  This allegation has been removed from the Amended Complaint.

Neither the Complaint nor the Amended Complaint sets forth a specific cause of action.  However, the nature of plaintiff's allegations in both the Complaint and Amended Complaint imply a cause of action for breach of contract.  The primary difference between the Complaint and Amended Complaint is that plaintiff's Amended Complaint removes all references to an oral agreement between plaintiff and defendant Robert Peters.[17]

The Amended Complaint also makes clear that plaintiff contends that the claim is not related to the validity of any patent which could provide this court with jurisdiction over the dispute.  Specifically, the Amended Complaint alleges that the

---

[15]    Plaintiff is seeking injunctions against both defendants because plaintiff alleges that defendant Virginia Peters has access to the materials covered by the October 30, 2009 agreement, as well as defendant Robert B. Peters.  Complaint, ¶¶ 15, 16  and 17; Amended Complaint, ¶¶ 16-17.

[16]    Complaint, ¶ 18.

[17]    By Order dated July 11, 2011, I granted defendant Robert B. Peters' motion for a more definite statement and noted that "[a]lthough it is apparent that plaintiff is alleging a breach of contract claim, the nature of this claim, and the agreement(s) at issue is unclear.  (I note that the Complaint refers both to an 'oral understanding not to engage in any type of competitive activity' (paragraph 9) and a written agreement attached to the Complaint as Exhibit A.)  I am also unable to determine, based on the Complaint, the extent to which plaintiff's claim(s) may arise from or involve interpretation of patent law, which would thereby establish this court's jurisdiction."

"within cause of action solely involves the breach by Defendants of a written Agreement, unrelated to any Federal question, patent law or the interpretation of a patent issue."[18]

<u>CONTENTIONS</u>

The parties disagree whether this court has jurisdiction over the dispute.

Defendants contend[19] that plaintiff's action concerns the validity of a patent developed by defendant Robert B. Peters, and that, accordingly, this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331[20] and 28 U.S.C. § 1338[21].

---

[18]     Amended Complaint, ¶ 21.

[19]     Defendant Virginia Peters adopts both the statement of facts and argument set forth by defendant Robert Peters in his Defendant, Robert B. Peters, Memorandum Showing Cause Why the United States District Court has Subject Matter Jurisdiction in the Within Matter.

[20]     Title 28 of United States Code Section 1331 provides:

28 U.S.C. § 1331. Federal question

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

[21]     Title 28 of United States Code Section 1338 provides in pertinent part:

28 U.S.C. § 1338.  Patents, plant variety protection, copyright, mask works, designs, trademarks, and unfair competition

(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyright and trademarks.  Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

-10-

Defendants contend that plaintiff's cause of action seeks to "vitiate, invalidate, circumvent, but not challenge [Robert Peters'] Patent directly."[22]

Plaintiff contends that the dispute is "simply a question of the validity and enforceability of a written Settlement Agreement between J.R. Peters, Inc. and Robert B. Peters."[23] Plaintiff contends that the lawsuit has "nothing to do with patent law, nor does it challenge the validity of **any** patent nor any claims of ownership of any of Defendant's patents or property." (emphasis in original).[24]

<u>DISCUSSION</u>

A civil action brought in state court, but in which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to federal court.  28 U.S.C. § 1441.

A case removed to federal court may be remanded to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." 28 U.S.C. § 1447(c).  The burden of establishing removal jurisdiction rests with the defendant.  <u>Dukes v. U.S. Healthcare,</u>

---

[22]   Defendant, Robert B. Peters, Memorandum Showing Cause Why the United States District Court has Subject Matter Jurisdiction in the Within Matter, page 12.

[23]   Memorandum of Law of Plaintiff, J.R. Peters, Inc., Concerning Subject Matter Jurisdiction, page 1.

[24]   Memorandum of Law of Plaintiff, J.R. Peters, Inc., Concerning Subject Matter Jurisdiction, page 2.

<u>Inc.</u>, 57 F.3d 350, 359 (3d Cir. 1995).  Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.  <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990).

District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  In cases arising under any act of Congress relating to patents, district courts have both original and exclusive jurisdiction.  28 U.S.C. § 1338.

Contract disputes involving patents do not arise "under any Act of Congress relating to patents," as required by 28 U.S.C. 1338(a).  <u>Beghin-Say International Inc. v. Ole-Bendt Rasmussen</u>, 733 F.2d 1568, 1571 (3d Cir. 1984).  For a case to "arise under" the federal patent laws, "the plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws."  <u>Lucursi v. Jamison Plastic Corp.</u>, 1998 U.S.Dist. LEXIS 18554 at *8 (E.D.Pa. Nov. 20, 1998) (Buckwalter, J.) <u>quoting</u> <u>Christianson v. Colt Industrial Operating Corp.</u>, 486 U.S. 800, 807-08, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).

Thus section 1338(a) jurisdiction extends only to cases in which federal patent law creates the cause of action or cases in which the plaintiff's right to relief necessarily depends on

resolution of a substantial question of federal patent law.
<u>Lucursi</u>, 1998 U.S.Dist. LEXIS 18554 at *8.

A dispute which requires a court to refer to federal patent law in order to adjudicate the dispute does not imply a substantial question of federal patent law.  <u>Id.</u> at *9.  Rather, a substantial question is present when a necessary element of one of plaintiff's claims is based on patent law.  <u>Id.</u> at *8.

In <u>Lucursi</u>, plaintiffs brought a breach of contract and replevin action, alleging that pursuant to an agreement, a "tool" manufactured by defendants was plaintiffs' property. 1998 U.S.Dist. LEXIS 18554 at *2.  At the time of the lawsuit both the plaintiffs and defendants had patent applications pending for the tool.  Defendants removed the action to federal court, contending that the dispute required a determination as to whether plaintiffs or defendants were the inventors of the tool. Accordingly, defendants contended that federal patent laws conferred the federal courts with subject matter jurisdiction. <u>Id.</u> at *4.

My colleague, then District Judge, and now Senior District Judge, Ronald L. Buckwalter, held that the court lacked jurisdiction over the subject matter of the dispute because plaintiffs' action was based on contract, and the precise conclusion reached by the state court would only determine which party was entitled to possession of the tool pursuant to the

terms of the contract.  Accordingly, Judge Buckwalter held that, while a state court might need to refer to federal patent laws to resolve factual disputes concerning the inventor of the tool, a contract action which requires a "determination of the true inventor does not convert that action into one 'arising under' the patent laws."  Id. at *10 citing Consolidated World Housewares, Inc. v. Finkle, 831 F.2d 261, 265 (Fed. Cir. 1987).

    I find Judge Buckwalter's analysis to be persuasive and relevant to the within matter.  Here, plaintiff alleges that defendant Robert Peters breached the October 30, 2009 agreement, which required Mr. Peters to return long Blender Sheets, marketing materials for Nutridyne, labels and guaranteed analysis forms to plaintiff and also required defendant Robert Peters to refrain from further development of patents he had been working on and refrain from attempting to sell his Nutridyne System.  Plaintiff's initial Complaint, which I must examine in order to determine whether jurisdiction exists, also alleges an oral understanding between plaintiff and defendant Robert Peters that he would not compete with plaintiff.

    As in Lucursi, here plaintiff's claim involves an alleged breach of contract.  While the alleged breach may involve defendant Robert Peters' development, use and marketing of a patent, plaintiff's claim does not contain a necessary element based on patent law.  As plaintiff makes clear in the Amended

-14-

Complaint, plaintiff is not challenging the validity or ownership of any patent issued to defendant Robert Peters.[25]  Accordingly, Mr. Peters may have a valid patent, but nevertheless be in breach of contract based on the conduct alleged by plaintiff.

Defendants may be correct that plaintiff is attempting to "vitiate, invalidate, circumvent, but not challenge the Patent directly," however plaintiff's claim is based on contract law, not federal patent laws.

Therefore, this case, like <u>Lucursi</u>, does not "arise under" federal patent laws, and therefore does not present a federal question conferring the subject matter jurisdiction of this court.

CONCLUSION

For the foregoing reasons, I conclude that this court does not have jurisdiction over the subject matter of this case. Therefore, I remand this action to the Court of Common Pleas of Lehigh County, Pennsylvania.  In addition, I dismiss the Amended Motion to Dismiss brought by defendant Virginia Peters without prejudice for her to raise the issues contained therein as preliminary objections in state court.

---

[25]      Amended Complaint, ¶ 22.

-15-